**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CATHOLIC UNIVERSITY OF AMERICA,
IMMIGRATION LAW AND POLICY
INITIATIVE
3600 John McCormack Drive, N.E.
Washington, DC 20064

    *Plaintiff*,

    v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Office of the General Counsel
245 Murray Lane, SW, Mail Stop 0485,
Washington, DC 20528-0485, and

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

    *Defendants*.

Case No. _____

**COMPLAINT**

1.    Plaintiff, Catholic University of America Immigration Law and Policy Initiative

("CUA ILPI"), brings this action for declaratory and injunctive relief against Defendants, the

United States Department of Homeland Security ("DHS") and United States Citizenship and

Immigration Services ("USCIS"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552.

2.    Immigration and Customs Enforcement Directive 11064.4 (July 2, 2025), is entitled

"Detention and Removal of Alien Parents and Legal Guardians of Minor Children."  That Directive

provides guidance regarding the detention and removal of alien parents and legal guardians of

minor children. It is of enormous national significance because it governs the circumstances under which ICE detains and may deport those parents and guardians alleged to be undocumented immigrants who have minor children who, in some cases, are American citizens.

3.      On December 9, 2025, CUA ILPI filed a FOIA requests for records that the Directive specifically requires ICE employees to create if a "Covered Individual" as defined by the Directive is encountered.  After CUA ILPI submitted a detailed letter clarifying and narrowing its FOIA request in response to a demand from ICE, ICE has not responded to CUA ILPI's FOIA request.

4.      CUA ILPI now seeks declaratory and injunctive relief requiring Defendants to process CUA ILPI's FOIA request, to preserve all records potentially responsive to CUA ILPI's request, and to promptly disclose the requested records.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

6.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7.      Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, CUA ILPI is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to an order requiring Defendants to process its FOIA request.

**PARTIES**

8.      Plaintiff CUA ILPI aims to advance teaching, interdisciplinary research, fact-finding, policy reform, and advocacy to protect the rights and dignity of individuals fleeing their home countries and seeking refuge in the U.S. The Initiative recognizes the Catholic Church's

leadership on migration issues worldwide and seeks to contribute to the Church's efforts to advance the human rights of all individuals regardless of citizenship or national origin. The Initiative also aims to motivate the Catholic University community to grapple with the challenges of migration in response to Pope Francis' call for Catholic universities to "educate their own students… to a clearer understanding of the phenomenon of migration, within a perspective of justice, global responsibility, and communion in diversity".[1]

9.      Adopting a collaborative model, the Initiative partners with CUA's Immigrant & Refugee Advocacy Clinic, the CUA National Catholic School of Social Service, the U.S. Conference of Catholic Bishop's Secretariat of Migration, Catholic Charities USA, and other religiously affiliated and secular organizations to educate and advocate on immigration and refugee law issues. It hosts conferences, engages in research and scholarship and expands curricular opportunities for students and promotes legal career paths in these fields.

10.      Each Defendant is an agency within the meaning of 5 U.S.C. § 552(f)(1), has possession and control of the requested records, and is responsible for fulfilling CUA ILPI's FOIA requests.

**STATEMENT OF FACTS**

11.      On July 2, 2025, ICE issued ICE Directive 11064.4 entitled "Detention and Removal of Alien Parents and Legal Guardians of Minor Children."

12.      According to the Directive, "[i]n pursuing the enforcement of . . . laws against alien parents and legal guardians of a minor child(ren), including those who have a direct interest in family court or child welfare proceedings involving a minor child(ren) in the United States, ICE

---

[1] Pope: Educational institutions are to be places of welcome, integration for all, Vatican News, September 29, 2022, available at https://www.vaticannews.va/en/pope/news/2022-09/pope-gregorian-university-conference-migrants-refugees.html.

personnel should remain cognizant of the impact enforcement actions may have on a minor child(ren). This Directive provides guidance regarding the detention and removal of alien parents and legal guardians of a minor child(ren), to include those who have a direct interest in family court or child welfare proceedings in the United States.  ICE Directive 11064.4, Paragraph 1.

13.    The Directive outlines what steps various ICE offices and personnel should take when ICE encounters a "Covered Individual."

14.    Covered Individuals are "alien parents or legal guardians who are: (1) primary caretakers of minor child(ren) in the United States; and/or (2) those who have a direct interest in family or probate court, guardianship, or child welfare proceedings involving a minor child."  ICE Directive 11064.4, Paragraph 3.1.

15.    The Directive outlines steps that ICE offices and personnel should take when they encounter a "Covered Individual" who may be subject to an enforcement action when the immigrant is a parent or guardian of a minor child.  The Directive details the procedures that ICE staff should follow when an alien parent or guardian is separated from their minor child(ren) who may require a new custodial arrangement or may accompany their parent or guardian who is deported.

16.    Several of the steps and procedures detailed in the Directive require ICE officials or staff to create records memorializing implementation of aspects of the Directive.

## STATUTORY FRAMEWORK

17.     Upon receipt of a FOIA request, an agency must make a determination whether to comply with it and notify the requester of that determination within twenty days of receipt of a request, excluding Saturdays, Sundays, and legal public holidays.  5 U.S.C. § 552(a)(6)(A)(i).

18.     Moreover, the FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules

4

. . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

19.    After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C). If the agency identifies any responsive records, the agency must make them "promptly available." *Id.*

20.    If an agency fails to make a determination within the prescribed time frame, requesters are deemed to have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

### CUA ILPI'S FOIA Requests

21.    On December 9, 2025, CUA ILPI filed a FOIA request with the Defendants in which it requested the following categories of records:

1. All records created pursuant to Section 5.1 of the Directive. That Section requires ICE to enter information reflecting the determination that an encountered Alien is a "Covered Individual" as defined in Section 3.1 of the Directive. Please provide these records as collected on a monthly basis or by the frequency ICE collects these records in the ordinary course of business.

2. All procedures in place pursuant to Section 5.1 of the Directive that require ICE personnel to affirmatively inquire about parental or legal guardian status upon ICE's first encounter with an alien. If these procedures vary by location of encounter, please provide each such procedure.

3. All records documenting the Covered Individual's decision to transfer physical custody of minor child(ren) to an identified third party as required by Section 5.2.1 of the Directive. Please provide these records as collected on a monthly basis or by the frequency ICE collects them in the ordinary course of business.

4. Records containing the details regarding ICE's contacting the local child welfare

authority or law enforcement agency and the authority or agency's assumption of physical custody of the minor child(ren) required to be documented in Section 5.2.2 of the Directive.

5. All reports made to the applicable Detained Parent Field POC(s) required by Section 5.2.2. of the Directive.

6. Documentation of communications made pursuant to Section 5.2.4 of the Directive to the Department of Health and Human Services office containing ICE's determination that a minor child is an Unaccompanied Alien Child.

7. Records of all actions taken pertaining to a Covered Individual's participation in family court or child welfare or guardianship proceedings documented pursuant to Section 5.4.3 of the Directive.

8. Records documenting decisions by detained Covered Individuals not to attend and/or participate in a family court or child welfare or guardianship proceeding, or to participate virtually as opposed to in person, required to be documented by Section 5.4.4 of the Directive.

9. All written statements secured by ICE pursuant to Section 5.4.4 of the Directive from the alien documenting the decision by the detained Covered Individual not to attend and/or participate in a family court or child welfare or guardianship proceeding, or to participate virtually as opposed to in person.

10. All written requests referred to in Section 5.5.1.a of the Directive.

11. All documentation from a family court to a child welfare authority referred to in Section 5.5.1.b of the Directive.

12. All records showing parent-child or legal guardian-child visitations required to be documented by Section 5.5.1.d of the Directive.

13. Copies of visitation orders, service plans, or similar documentation placed in the A-File

6

and comments included in ENFORCE Alien Removal Module (EARM) or any successor system of record pursuant to Section 5.5.1.d of the Directive.

14. Records documenting steps ICE has taken to facilitate detained Covered Individuals' efforts to make arrangements for their minor child(ren) when that detained Covered Individual is subject to a final order of removal and ICE is effectuating their removal.

15. Written documentation required by Section 5.6.5 of the Directive showing any of the factors listed in Section 5.6.4 of the Directive.

16. All written statements and sworn statements referred to in Section 5.7.2 of the Directive.

17. All training materials developed pursuant to Section 5.8 of the Directive to assist Detained Parent Field POCs and other relevant ICE personnel with the implementation of the Directive.

18. Records reflecting all relevant data and information related to Covered Individuals required to be collected and maintained pursuant to Section 5.9 of the Directive. Please provide these records as collected on a monthly basis or by the frequency ICE collects these records in the ordinary course of business.

22.     ILPI's request stated its agreement that all names of immigrants, children, and law enforcement personnel and their telephone numbers, e-mail addresses, residential addresses (except for detection facilities) and A-file numbers may be redacted from the records provided.

23.     The request further requested that the Defendants substitute Unique Identifying Numbers ("Unique IDs") for FOIA-exempt agency Alien Identification Numbers ("A-Numbers" or "A-file Numbers").

24.     CUA ILPI's FOIA request stated that, because litigation is reasonably foreseeable, DHS should institute an agency-wide preservation hold on all documents potentially responsive to

the request.

22.     In its December 9, 2025, FOIA request, CUA ILPI sought a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A) and agency regulations.  It stated that ILPI is an initiative of the Catholic University of America, an educational institution as defined in 5 C.F.R. § 5.11(b)(4).

23.     The fee waiver further stated that the records sought are not for commercial use. Instead, it said that the ILPI aims to advance teaching, interdisciplinary research, fact-finding, policy reform, and advocacy to protect the rights and dignity of individuals fleeing their home countries and seeking refuge in the U.S.  Given that purpose, disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government. 5 C.F.R. § 5.11(k).

24.     On January 7, 2026, Defendant ICE sent CUA ILPI's counsel an e-mail.  It assigned the FOIA request number 2026-ICFO-07808.  Although CUA ILPI requested the specific records that the Directive stated that ICE was required to create by Directive paragraph number, the e-mail stated that CUA ILPI's request did not "reasonably describe" the records requested.

25.     The e-mail requested that CUA ILPI clarify its request within 30 days and posed specific questions for CUA ILPI to answer.

26.     On January 30, 2026, CUA ILPI posted an 11-page letter on the ICE FOIA portal which clarified and narrowed its request.

27.     On February 9, 2026, CUA ILPI's counsel received an e-mail acknowledging the December 9, 2025, request and fee waiver.  It stated that ICE required an additional ten days to respond to the request pursuant to 5 U.S.C. § 552(a)(6)(B).  The e-mail also identified an individual whom CUA ILPI may call with questions.  Counsel for CUA ILPI called the number

provided three times, left voice mail messages and did not receive a call back.

28.     On May 14, 2026, CUA ILPI received an e-mail from Defendant ICE again acknowledging the December 9, 2025, request and assigning it another request number – 2026-ICFO-25107.

29.     Defendants have not further responded to CUA ILPI's December 9, 2025, FOIA request.

30.     More than twenty days plus ten days have passed since CUA ILPI submitted its January 30, 2026, clarification letter.  Defendants have not responded and therefore failed to comply with 5 U.S.C. § 552(a)(6)(A)(i).

31.     As a result, CUA ILPI has constructively exhausted its administrative remedies, 5 U.S.C. § 552(a)(6)(C)(i), and seeks immediate judicial review.

## PLAINTIFF'S CLAIM

### Wrongful Withholding of Records
### (5 U.S.C. § 552)

32.     Plaintiff repeats and realleges paragraphs 1-31 as if they were fully set forth herein.

33.     In its December 9, 2025, FOIA request to Defendants, CUA ILPI properly sought records within the custody and control of Defendants.

34.     Defendants unlawfully withheld agency records requested by CUA ILPI by failing to make determinations on CUA ILPI's requests within the statutorily prescribed time periods set forth in 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i), and by continuing to withhold documents that are non-exempt and responsive to CUA ILPI's FOIA requests.

35.     CUA ILPI has constructively exhausted its administrative remedies.

36.     Accordingly, CUA ILPI is entitled to injunctive and declaratory relief requiring Defendants to immediately process and disclose all requested records to CUA ILPI.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests this Court:

1.  Issue a declaration that CUA ILPI is entitled to the immediate processing and disclosure of the requested records to it;

2.  Order Defendants to preserve all records, in whatever form they exist, potentially responsive to CUA ILPI's requests prior to and during the processing of its requests;

3.  Order Defendants to immediately process and disclose all responsive records to CUA ILPI;

4.  Order Defendants to grant CUA ILPI's request for a fee waiver;

5.  Provide for expeditious processing of this action;

6.  Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

7.  Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(F)(i); and

8.  Grant any other such relief that this Court may deem just and proper.

Dated: May 15, 2026                                Respectfully submitted,

                                                   _/s/Jeffrey S. Gutman_____
                                                   Jeffrey S. Gutman (D.C. Bar No. 416954)
                                                   Jeffrey S. Gutman, PLLC
                                                   1712 Hobart St., N.W.
                                                   Washington, D.C. 20009
                                                   (202) 631-5129
                                                   jsgutmandc@gmail.com


                                                   *Counsel for Plaintiff*

10