**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CATHOLIC UNIVERSITY OF AMERICA, IMMIGRATION LAW AND POLICY INITIATIVE<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>and<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    *Defendants.* | Case No. 26-1675(SLS) |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION
FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Plaintiff, Catholic University of America Immigration Law and Policy Initiative ("CUA ILPI"), filed a Freedom of Information Act request for records required to be created and maintained under Immigration and Customs Enforcement Directive 11064.4 (July 2, 2025). That Directive provides guidance regarding the detention and removal of noncitizen parents and legal guardians of minor children. Defendants did not respond to the request and this lawsuit followed.

Defendants seek a thirty-day extension of time to respond to the complaint. CUA ILPI consented to a fourteen-day extension. Defendants offer no persuasive reason why fourteen days is not sufficient.

This is not an antitrust case. It is not a nationwide class action. It is a straightforward FOIA case: CUA ILPI filed a single FOIA request and Defendants did not respond to it.

Answering the complaint will require the Defendants and their attorney very little time at all. Ignoring this, Defendants offer three reasons for a thirty-day extension.  First, they note that the complaint was filed on May 15.  ECF No. 7 at 2.  The question is not when the complaint is filed; the time to answer begins when the complaint was served.  Here, the U.S. Attorney's Office was served on May 20.  ECF No. 6.

Second, Defendants state that there was a shutdown of DHS.  That shutdown, however, ended on April 30, 2026.  Defendants offer no evidence of how that shutdown affected ICE's Freedom of Information Act office or its counsel.  Indeed, H.R. 1 (the "Big Beautiful Bill Act") provided ICE with substantial continued appropriations.

Third, Defendants' counsel argues he has a substantial workload.  He does not, however, explain why a two-week extension does not address that workload issue, or why the simple matter of answering this straightforward complaint taxes his schedule.  Congress required that FOIA complaints be answered in 30 days, 5 U.S.C. § 552(a)(4)(C), rather than the ordinary 60 days, Fed. R. Civ. P 12(a)(2), for a reason.  The disclosure of records revealing the operations of government is vital and delay in providing them is harmful.  Such is the case there.  The records sought by CUA ILPI will reveal important information about how ICE detains and may deport those parents and guardians alleged to be undocumented immigrants with minor children who, in some cases, are American citizens.   Delay thus prejudices CUA ILPI.

For these reasons, the Defendants' motion should be denied in part.


Dated: June 12, 2026                                      Respectfully submitted,

                                                            _/s/Jeffrey S. Gutman_____
                                                            Jeffrey S. Gutman (D.C. Bar No. 416954)
                                                            Jeffrey S. Gutman, PLLC
                                                            1712 Hobart St., N.W.
                                                            Washington, D.C. 20009
                                                            (202) 631-5129

jsgutmandc@gmail.com


*Counsel for Plaintiff*

3